IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BANNING LEWIS RANCH COMPANY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No.: 10-13445 (KJC) |
| In re:<br><br>BANNING LEWIS RANCH DEVELOPMENT I & II, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 10-13446 (KJC) |

## DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

The Banning Lewis Ranch Company, LLC and Banning Lewis Ranch Development I & II, LLC, debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby move the Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware ("Local Rule 1015-1"), administratively consolidating their respective chapter 11 cases solely for procedural purposes and providing for joint administration (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of each Debtor's federal tax identification number are The Banning Lewis Ranch Company, LLC (4090) and Banning Lewis Ranch Development I & II, LLC (3461). The Debtors' corporate headquarters and the service address for each Debtor is 4100 MacArthur Boulevard, Suite 100, Newport Beach, CA 92660.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, and it is supported by Rule 1015 of the Bankruptcy Rules and Local Rule 1015-1.

## BACKGROUND

3. On October 28, 2010 (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the filing of this Motion, no trustee, examiner or committee has been appointed in these chapter 11 cases.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the joint administration and consolidation of their chapter 11 cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules and Local Bankruptcy Rule 1015-1. For the reasons set forth herein, the Debtors believe that, in light of their affiliated status and interrelated business operations, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the

administration of the estates and the combining of notices to creditors – will aid in expediting these chapter 11 cases and rendering their administration more efficient and economical.

**BASIS FOR RELIEF REQUESTED**

7. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors, their estates, their creditors and the Court. Rule 1015(b) of the Bankruptcy Rules provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Here, The Banning Lewis Ranch Company, LLC owns 99.9% of the equity of Banning Lewis Ranch Development I & II, LLC. The Debtors are affiliates of each other and The Banning Lewis Ranch Company, LLC has guaranteed certain debts of Banning Lewis Ranch Development I & II, LLC. The Debtors are not aware of any material conflicts of interest which might arise if these cases were administered jointly. Accordingly, this Court is authorized to, and should, grant the relief requested herein.

8. Rule 1015 of the Bankruptcy Rules promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. See In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Hemingway Transp., 954 F.2d 1, 11 (1st Cir. 1992).[2]

9. Likewise, Local Rule 1015-1 provides as follows:

---

[2] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

3

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015(b).

10. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect both of the Debtors. The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful. In other instances, courts in this District have authorized the joint administration of related bankruptcy cases. See, e.g., In re Tweeter Home Entertainment Group, Inc., Ch. 11 Case No. 07-10787 (PJW) (Bankr. D. Del. June 12, 2007); In re Pac-West Telecomm, Inc., Ch. 11 Case. No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007); In re America Online Latin America, Inc., Ch. 11 Case No. 05-11778 (MFW) (Bankr. D. Del. June 27, 2005); In re Metalforming Technologies, Inc., Ch. 11 Case No. 05-11697 (PJW) (Bankr. D. Del. April 27, 2005); In re Meridian Automotive Systems – Composite Operations, Inc., Ch. 11 Case No. 05-11168 (MFW) (Bankr. D. Del. April 27, 2005).

11. Joint administration will permit the Clerk to use a single general docket for both of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in the other case.

12. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders, maintaining redundant files, and holding duplicative hearings.

13. The Debtors also submit that supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for the District of Delaware (the "<u>United States Trustee</u>") will be simplified.

14. Finally, the Debtors intend to request from the United States Trustee authority to file the monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis since such consolidated reports would further administrative economy and efficiency, without prejudice to any party in interest, and would accurately reflect the Debtors' business operations and financial affairs.

15. Accordingly, the Debtors submit that joint administration of the above-captioned chapter 11 cases is in their best interests, as well as the best interests of their creditors and all other parties-in-interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BANNING LEWIS RANCH COMPANY, LLC, *et al.*,[1] | ) ) ) | Case No. 10-13445 (KJC) |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

---

[1] The Debtors in these proceedings, along with the last four digits of each Debtor's federal tax identification number, are The Banning Lewis Ranch Company, LLC (4090) and Banning Lewis Ranch Development I & II, LLC (3461). The Debtors' corporate headquarters and the service address for each Debtor is 4100 MacArthur Boulevard, Suite 100, Newport Beach, CA 92660.

16. The Debtors further request that a docket entry shall be made in each of the above-captioned cases substantially providing as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of The Banning Lewis Ranch Company, LLC and its affiliate Banning Lewis Ranch Development I & II, LLC, and the docket in Case No. 10-13445 (KJC) should be consulted for all matters affecting these cases."

## NOTICE

17. Notice of this Motion has been given to (i) the United States Trustee for the District of Delaware, (ii) the creditors identified on the Debtors' consolidated list of their twenty largest unsecured creditors, and (iii) counsel for the Debtors' prepetition and post petition secured lender. In light of the nature of the relief requested herein and Local Rule 1015-1, the Debtors submit that no other or further notice is required.

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: November 4, 2010
      Wilmington, Delaware

CROSS & SIMON, LLC

By: _____
Christopher P. Simon (No. 3967)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224
csimon@crosslaw.com
kmann@crosslaw.com

*Proposed Counsel for Debtors and Debtors in Possession*