IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BANNING LEWIS RANCH COMPANY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No.: 10-13445 (KJC)<br><br>**Re: Docket No. 39** |
| In re:<br><br>BANNING LEWIS RANCH DEVELOPMENT I & II, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 10-13446 (KJC)<br><br>**Re: Docket No. 22** |

**DEBTORS' OBJECTION TO THE MOTION OF THE CITY OF COLORADO SPRINGS, COLORADO TO SHORTEN NOTICE FOR ITS MOTION TO TRANSFER VENUE OF THE DEBTORS' CHAPTER 11 CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO PURSUANT TO 28 U.S.C. § 1412**

The Banning Lewis Ranch Company, LLC and Banning Lewis Ranch Development I & II, LLC (together, the "Debtors") by and through their undersigned proposed counsel, hereby respectfully submit this objection (the "Objection") to the Motion of the City of Colorado Springs, Colorado (the "City") to shorten notice (the "Motion to Shorten") for its motion to transfer these cases to the United States Bankruptcy Court for the District of Colorado (the "Venue Motion")[2]. In support of this Objection, the Debtors respectfully represent as follows:

---

[1] The last four digits of each Debtor's federal tax identification number are The Banning Lewis Ranch Company, LLC (4090) and Banning Lewis Ranch Development I & II, LLC (3461). The Debtors' corporate headquarters and the service address for each Debtor is 4100 MacArthur Boulevard, Suite 100, Newport Beach, CA 92660.

[2] The City filed its Venue Motion on November 12, 2010.

1. As a movant seeking to expedite a hearing on its Venue Motion, the City must demonstrate the existence of "cause" to shorten notice required by Del. Bankr. LR 9006-1(c). The City has failed to do so. As such, the City's request should be denied.

2. First, the City received notice of the bankruptcy filing on October 28, 2010 (the "Petition Date"); counsel for the City entered an appearance in these cases on November 4, 2010 [Case No. 10-13445 D.I. No. 4; Case No. 10-13446, D.I. No. 4], well in advance of the deadline to file a pleading to be heard in accordance with Bankr. LR 9006-1(c) on November 24, 2010. Having taken 15 days to decide to file the Venue Motion, the City has failed to explain why its delay in filing the Venue Motion would justify expediting the hearing and shortening the time to respond to only 7 days.

3. Second, the City's sole argument for its request to shorten notice is that it would be in the interest of judicial economy to transfer these cases at this early stage to permit the Colorado Bankruptcy Court to become involved as early as possible and minimize any disruptions that may occur. The Debtors have an omnibus hearing scheduled for December 21, 2010, at which time the Court could consider the Venue Motion under proper notice. The City has not set forth a single fact which suggests that the Venue Motion cannot be heard on normal notice at the December 21, 2010 hearing. The City has not alleged any harm that will occur if the Venue Motion is set for the December 21, 2010 hearing date. Nor has the City alleged any disruptions that would occur if the Venue Motion is heard on December 21, 2010. Because the Debtors have invested significant substantive effort in pursuing relief in Delaware which the Debtors intend to present to the Court on December 21, 2010, and because no imminent issue or exigent circumstances exist relating to Colorado facts or law, the Debtors believe expedited consideration of the Venue Motion is not

2

warranted.

4. Third, notwithstanding the City's averment in its Venue Motion that no "substantive" motions have been filed nor have any "substantive" orders have been entered (Venue Motion ¶ 9) and its averment in the Motion to Shorten that transfer at this juncture will minimize "any disruption that may occur as a result of the transfer of venue" (Motion to Shorten ¶ 3), the Debtors believe they will be able to show that significant substantive work has been done to move this case forward, and that expedited consideration of the Venue Motion will, in fact, disrupt this case. Under the City's proposed schedule, the Debtors must demonstrate their entire plan on November 19, 2010 (the proposed objection deadline), and the Court would consider the Venue Motion on November 24, 2010, with what the Debtors believe could be only a partial record of the Debtors' plans for these cases.

5. Indeed, the Debtors have already filed a motion seeking approval of a stipulation with the agent for the Debtors' pre-petition secured lenders authorizing the use of cash collateral, on a consensual basis, through December 21, 2010. That motion is scheduled to be heard on November 17, 2010. The Debtors are in the process of negotiating a DIP financing facility, and believe the implementation of such a facility is important for the Court to consider when weighing the actions of the Debtors since the October 28, 2010 Petition Date, as well as a plan for these cases.

6. Since the Debtors' filing, the Debtors' Chief Restructuring Officer, located in Jenkintown, Pennsylvania, the Debtors' sole proposed legal counsel, located in Delaware, counsel for the members, located in Washington, D.C., Delaware and New York, and counsel for the Agent to the lenders, located in Delaware, have worked diligently to obtain use of cash collateral, and are working to obtain DIP financing relief, so that the Debtors' property

3

will be secured and maintained. Further, these same parties have been in discussions regarding a proposed sale process for the disposition of the Debtors' assets under Section 363 of the Bankruptcy Code, which will likely include a national marketing campaign and auction process.

7. The City has failed to justify expedited treatment for the Venue Motion. Considering the Venue Motion under an expedited schedule will not benefit the Debtors creditors and parties in interest.

WHEREFORE, the Debtors respectfully request that this Court issue an order denying the Motion to Shorten, and for such other relief that is just or proper.

Dated: November 15, 2010
Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ Kevin S. Mann
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Tel: (302) 777-4200
Fax: (302) 777-4224
csimon@crosslaw.com
kmann@crosslaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

4