# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE BANNING LEWIS RANCH COMPANY, LLC, *et al.*,[1] | Case No.: 10-13445 (KJC) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: May 18, 2011 @ 11:00 a.m.<br>Obj. Deadline: May 12, 2011 @ 12:00 midnight (extended for Agent) |
| | Re: D.I. No. 267 |

**LIMITED OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO THE MOTION OF BANNING LEWIS RANCH DEVELOPMENT I & II, LLC FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE, (C) APPROVING NOTICE OF RESPECTIVE DATES, TIMES AND PLACES FOR AUCTION AND HEARING ON APPROVAL OF (I) SALE AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE PROCESS AND OF APPROVAL HEARING, AND (E) GRANTING RELATED RELIEF**

KeyBank National Association, as Administrative Agent ("Agent") under that certain Senior Secured Revolving Credit Agreement dated as of September 7, 2007 (as amended, the "Revolving Credit Agreement") by and among Banning Lewis Ranch Development I & II, LLC ("Devco") and The Banning Lewis Ranch Company, LLC as Guarantor ("BLRC", together with Devco, the "Debtors"), Agent and the lenders thereto (the "Revolving Lenders"), by and through its undersigned counsel, hereby submits this Limited Objection (the "Limited Objection") to the Motion of Banning Lewis Ranch Development I & II, LLC for an Order: (A) Approving Procedures for the Sale of the Debtor's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Notice of Respective Dates, Times and Places for

---

[1] The Debtors in these proceedings, along with the last four digits of each Debtor's federal tax identification number, are The Banning Lewis Ranch Company, LLC (4090) and Banning Lewis Ranch Development I & II, LLC (3461). The Debtors' corporate headquarters and the service address for each Debtor is 4100 MacArthur Boulevard, Suite 100, Newport Beach, CA 92660.

Auction and Hearing on Approval of (I) Sale and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice of Sale Process and of Approval Hearing, and (E) Granting Related Relief (the "Bid Procedures Motion") [Docket No. 267]. In support of its Limited Objection, Agent respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Agent and the Revolving Lenders have been - and remain - generally supportive of Devco's sales efforts. Agent and the Revolving Lenders support and endorse the sale timeline proposed in the Bid Procedures Motion. Moreover, Agent and the Revolving Lenders are hopeful that the Auction[2] will result in robust bidding by a number of interested Qualified Bidders. However, the Bid Procedures proposed to govern the Devco Sale are lacking in certain material respects. While Agent and the Debtors were able to agree to a number of modifications to the Bid Procedures they were not able to reach a complete resolution prior to the objection deadline. Thus Agent was compelled to file this Limited Objection to protect and preserve its and the Revolving Lenders' rights and interests.

## BACKGROUND

2. On October 28, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors are continuing in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in these chapter 11 cases.

---

[2] Capitalized terms that are used but not defined herein have meanings ascribed to them in the Motion.

4. Shortly after the Petition Date, the Debtors, Agent and the Revolving Lenders, along with BLRC's term loan lenders (the "Term Lenders"), entered into that certain Stipulation Authorizing Use of Cash Collateral (the "Cash Collateral Stipulation") which this Court approved on November 17, 2010 [Docket No. 55].

5. Pursuant to the terms of the Cash Collateral Stipulation, the Debtors were authorized to use the Revolving Lenders' and the Term Lenders' Cash Collateral (as defined in the Cash Collateral Stipulation) in accordance with the budget attached thereto through December 21, 2010. In the Cash Collateral Stipulation, the Debtors acknowledged and agreed (subject to the rights of third parties as set forth therein, which rights have since expired) that Devco's obligations to Agent and to the Revolving Lenders under the Revolving Credit Agreement, which exceed $67 million, are secured by first priority perfected liens in and on substantially all of Devco's assets, including Devco's owned real estate located in Colorado Springs, Colorado ("Devco's Real Property"), in favor of Agent and the Revolving Lenders.

6. BLRC's obligations to the Term Lenders exceed $23 million. In the Cash Collateral Stipulation, the Debtors acknowledged and agreed that those obligations are secured by first priority perfected liens in favor of the Term Lenders in and on substantially all of BLRC's assets, including BLRC's owned real estate located in Colorado Springs, Colorado ("BLRC's Real Property").

7. The liens of the Revolving Lenders do not extend to BLRC's Real Property and the liens of the Term Lenders do not extend to Devco's Real Property.

8. Following approval of the Cash Collateral Stipulation, the Debtors and Agent commenced negotiations regarding the terms of a potential debtor-in-possession financing facility ("DIP Financing"). Ultimately, however, the Debtors chose to proceed with DIP

3

Financing provided by certain affiliates of the Debtors' members (the **"DIP Lenders"**). The DIP Financing and related credit agreement (the "DIP Credit Agreement") were approved by a final order dated December 22, 2010 (the "DIP Order") [Docket No. 134]. The DIP Financing matures on May 31, 2011 (the "DIP Maturity Date")[3].

9. The DIP Credit Agreement originally contained a deadline of February 15, 2011 (the "Bid Procedures Motion Deadline") by which time the Debtors were required to file the Bid Procedures Motion. The Debtors and the DIP Lenders entered into a series of amendments to the DIP Credit Agreement to extend the Bid Procedures Motion Deadline and filed notices of same [Docket Nos. 183, 204, 231, 239, 245, 249 & 251]. On April 20, 2011, Agent filed an objection to the Debtors' continued extensions of the Bid Procedures Motion Deadline without seeking Court approval [Docket No. 261]. The Debtors subsequently filed the Bid Procedures Motion.[4]

## LIMITED OBJECTION

10. As noted above, Agent and the Revolving Lenders do not object *per se* to the Sale of Devco's Real Property and approval of related bid procedures. Although Agent and the Debtors have been able to resolve many of Agent's issues with the proposed Bid Procedures, certain issues remain outstanding. Agent remains optimistic that the parties will reach agreement prior to the hearing on the Bid Procedures Motion.

11. Agent has proposed certain modifications to the Bid Procedures. Those changes are set forth in the blackline version of the proposed Bid Procedures attached hereto as Exhibit "A" (the "Modified Bid Procedures").

---

[3] In the Bid Procedures Motion, the Debtors indicate that they believe the DIP Lenders will extend the DIP Maturity Date but no such extension has yet been formalized.
[4] The Debtors have also filed a motion seeking approval of bid procedures and a stalking horse agreement in connection with the sale of BLRC's Real Property.

12. In broad strokes, the Modified Bid Procedures reflect the following substantive changes which Agent believes are necessary to ensure a smooth and, hopefully, ultimately consensual Sale:

    a) clarification that the Sale will be conducted pursuant to section 363 of the Bankruptcy Code;

    b) clarification that the Sale will be on an "as is, where is" basis;

    c) providing Agent with access to Qualified Bids and providing Agent with consultation rights before and during the Auction;

    d) clarification that Bids may be for less than all of Devco's assets and that Bids from multiple Qualified Bidders may be aggregated in Devco's discretion;

    e) an increase in the amount of the deposit to be provided by Bidders;

    f) express preservation of the Agent's and Revolving Lenders' ability to credit bid and the automatic qualification of Agent and the Revolving Lenders as a Qualified Bidder.

13. Agent understands that the Debtors have agreed to the modifications described in subparagraphs (b), (e) and (f). Agent further understands that the Debtors agree conceptually with the modifications described in subparagraphs (a) and (c) but may want to modify the proposed language. Agent and the Debtors continue to discuss the parameters of the

access and consultation rights described in subparagraph (c) and in the Modified Bidding Procedures. Agent is hopeful that the parties will reach agreement on the remaining open issues prior to the hearing. Absent agreement, Agent will seek the Court's intervention.

14. Agent believes the Modified Bidding Procedures are necessary and reasonable. As the parties holding perfected first priority liens in the assets to be sold, including Devco's Real Property, Agent's and the Revolving Lenders' consent to the Sale free and clear of those liens will be necessary. Adoption of the Modified Bidding Procedures will facilitate a process conducive to a consensual sale of the Devco Real Property.

WHEREFORE, Agent respectfully requests the Court (i) deny the Bid Procedures Motion unless the Modified Bid Procedures are adopted and (ii) grant such other and further relief as the Court deems just.

| | |
|---|---|
| Dated: May 12, 2011<br>Wilmington, Delaware | **BUCHANAN INGERSOLL & ROONEY PC**<br><br>/s/ Mary F. Caloway<br>Mary F. Caloway (No. 3059)<br>Mona A. Parikh (No. 4901)<br>1105 North Market Street<br>Suite 1900<br>Wilmington, Delaware 19801<br>Telephone: (302) 552-4200<br>Facsimile: (302) 552-4295<br>Email: mary.caloway@bipc.com<br>       mona.parikh@bipc.com<br><br>*Attorneys for KeyBank National Association, as Administrative Agent* |