## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-13445 (KJC) |
| THE BANNING LEWIS RANCH | ) | |
| COMPANY, LLC, *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: Docket No. 318** |
| | ) | |

### ORDER: (I) APPROVING THE SALE OF BANNING LEWIS RANCH DEVELOPMENT I & II, LLC'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion of Banning Lewis Ranch Development I & II, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor" or "Devco") for entry of an Order pursuant to sections 363(b), (f) and (m) and 365 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of the Bankruptcy Court (the "Local Rules"): (A) Approving the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interest Pursuant to Sections 363(b), (f), and (m), and (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief (the "Sale Motion")[2]; and

---

[1] The Debtors in these proceedings, along with the last four digits of each Debtor's federal tax identification number, are The Banning Lewis Ranch Company, LLC (4090) and Banning Lewis Ranch Development I & II, LLC (3461). The Debtors' corporate headquarters and the service address for each Debtor is 101 West Avenue, Jenkintown, Pennsylvania 19046.

[2] Capitalized terms not identified by their meanings in the Agreement or otherwise defined herein shall have the meanings set forth in the Sale Motion.

Pursuant to the Sale Motion, the Debtor seeks entry of an Order (a) approving the sale of all or substantially all of the Debtor's assets (the "Assets"), pursuant to a credit bid asset purchase agreement (the "Agreement") between Devco, on the one hand, and the winning bidder for the Assets, KeyBank National Association, as Agent under that under that certain Senior Secured Revolving Credit Agreement dated as of September 7, 2007, as subsequently amended, by and among Devco, The Banning Lewis Ranch Company, LLC as Guarantor, Agent and the lenders thereto (the "Revolving Lenders"), or its designee (the "Winning Bidder") on the other hand, (b) granting the Debtor authority to sell the Assets as set forth in the Agreement free and clear of all liens, claims, encumbrances and other interests, except for Assumed Liabilities under the express terms of the Agreement, and (c) authorizing the Debtor to assume and assign the Assigned Contracts, as defined and identified in the Agreement; and

The Sale Motion having been served upon (i) the United States Trustee, (ii) counsel to the Debtor's prepetition and postpetition secured lenders, (iii) all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002, (iv) parties known by the Debtor to assert liens, claims, rights, interest or encumbrances of record in the Assets, (v) federal, state and local taxing authorities who have a reasonably known interest in the Assets, (vi) counterparties to the Assigned Contracts, and (vii) any party that has expressed an interest in a Transaction and the Notice of Sale Process and Approval Hearing having been served on all known creditors of the Debtor; and

Notice of the Sale Motion having been provided in accordance with this Court's *Order: (A) Approving Procedures for the Sale of Banning Lewis Ranch Development I & II, LLC's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Notice*

*of Respective Dates, Times and Places for Auction and Hearing on Approval of (I) Sale and (Ii)*
*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D)*
*Approving the Form and Manner of Notice of Sale Process and of Approval Hearing and (E)*
*Granting Related Relief* (the "<u>Devco Bid Procedures Order</u>"); and

It further appearing that the legal and factual basis set forth in the Sale Motion and at the hearing thereon (the "<u>Sale Hearing</u>") establish just cause for the relief granted herein; and after due deliberation thereon,

NOW, THEREFORE, THE COURT HEREBY FINDS AND DETERMINES THAT:

### <u>Jurisdiction, Final Order and Statutory Predicates</u>

1.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and does not involve matters that must be decided by a court created by, or established pursuant to, Article III of the United States Constitution; venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief set forth herein are 11 U.S.C. §§ 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9014.

3.   The proposed sale constitutes a sale of property of the estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

4.     Notice of the Sale Motion, Devco Bid Procedures Order and the Sale Hearing was sufficient under the circumstances.

5.     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To the extent necessary under Bankruptcy Rules 7054 and 9014, the Court finds that there is no just reason for delay in the implementation of this Order, and directs entry of judgment as set forth herein.

**Good Faith of Winning Bidder**

6.     The Winning Bidder is purchasing the Assets in good faith and is a good faith purchaser within the meaning of 11 U.S.C. § 363(m), and is therefore entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that (a) the Winning Bidder recognized that the Debtor was free to deal with any other party interested in acquiring the Assets, (b) the Winning Bidder complied with the provisions of the Devco Bid Procedures Order and all other applicable law and Orders, (c) all payments to be made by the Winning Bidder, including but not limited to, any Cure Amounts and other agreements or arrangements entered into by the Winning Bidder have been disclosed, (d) the Winning Bidder has not violated 11 U.S.C. § 363(n) by any action or inaction, (e) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was in good faith, and (f) there was no evidence of any misconduct, such as fraud or collusion or any attempt to take any unfair advantage of other bidders, that might destroy the Winning Bidder's good faith status.

7.     The bidding procedures set forth in the Devco Bid Procedures Order were, as implemented by the Debtor, non-collusive and substantively and procedurally fair to all interested parties, bidders and potential bidders.

8.     The Winning Bidder, or any party represented by the Winning Bidder, is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code and the decisions thereunder.

**Highest and Best Offer**

9.     The Debtor conducted an Auction with respect to the sale of the Assets in accordance with, and has otherwise complied in all material respects with, the Devco Bid Procedures Order and applicable law. The Bid Procedures and Auction for the Assets afforded a full, fair and reasonable opportunity for any interested person or entity to make a higher or otherwise better offer to purchase the Assets. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Assets.

10.     The Agreement constitutes the highest and best offer for the Assets, and will provide a greater recovery for the Debtor's estate and creditors than would be provided by any other available alternative. The Debtor's determination that the terms of the Agreement constitute the highest and best offer for the Assets constitutes a valid and sound exercise of the Debtor's business judgment.

11.     The Agreement represents a fair and reasonable offer to purchase the Assets under the facts and circumstances of this chapter 11 case. No other person or entity offered to purchase the Assets for greater economic value to the Debtor's estate than the Winning Bidder.

12.   Approval of the Sale Motion and the Agreement and the consummation of the transaction contemplated thereby is in the best interests of the Debtor, the Debtor's estate, creditors and other parties in interest.

13.   The consideration provided by the Winning Bidder pursuant to the Agreement constitutes reasonably equivalent value and fair consideration for the Assets under the Bankruptcy Code and under the laws of the United States and any state.

14.   The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor the Winning Bidder is entering into the transactions contemplated by the Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

15.   The Debtor and the Debtor's officers and representatives have full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Agreement, except as otherwise set forth in the Agreement.

**A.    Winning Bidder is Not a Mere Continuation of the Debtor or Merger of the Debtor**

16.   The Winning Bidder is not a mere continuation of the Debtor, there is not substantial continuity between the Winning Bidder and the Debtor, and there is no continuity of enterprise between the Debtor and the Winning Bidder. The transactions contemplated by the Agreement do not constitute a merger, consolidation or de facto merger between the Winning Bidder, the Debtor or the Debtor's estate.

17. The Sale is not being entered into fraudulently. The Sale has been properly noticed.

18. The Winning Bidder is not holding itself out to the public as a continuation of the Debtor.

**B.**  **Successor Liability**

19. Except as otherwise set forth in this Order or the Agreement, the Winning Bidder does not constitute a successor to the Debtor or the Debtor's estate.

20. The Sale does not amount to a consolidation, merger or *de facto* merger of the Winning Bidder and the Debtor.

21. The Winning Bidder shall take the Assets free and clear of all claims for successor liability and shall be immune to claims for successor liability.

**C.**  **Assumption and Assignment of Executory Contracts and Unexpired Leases**

22. Subject to, and at the date and time (the "Closing Date") of, the closing (the "Closing") of the sale of the Assets contemplated by this Order, the Debtor may assume the Assigned Contracts, as identified in the Agreement, and assign each of them to the Winning Bidder pursuant to section 365 of the Bankruptcy Code, free and clear of all Encumbrances (as defined below) except as otherwise provided in the Agreement, and subject to the Assumed Liabilities, and notwithstanding any anti-assignment clause as provided in section 365(f) of the Bankruptcy Code. If the Debtor assumes and assigns to Winning Bidder any Assigned Contract where the counterparty is the City of Colorado Springs or its enterprise Colorado Springs Utilities ("Colorado Springs"), the Winning Bidder shall be responsible to pay as they come due all amounts that are contingent and not payable until the future. The assumption and assignment

- 7 -

of the Assigned Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interests of the Debtor, its estate, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

23. The respective amounts set forth on the *Notice of Debtor's Intent to Assume and Assign Certain Leases and Executory Contracts and Fixing of Cure Amounts* [Docket No. 313] noticed pursuant to the Devco Bid Procedures Order (the "Cure Notice"), and served upon each counterparty to the Assigned Contracts (each a "Counterparty"), are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts (the "Cure Amounts"). The Debtor or the Winning Bidder shall pay the Cure Amounts for each Assigned Contract in the ordinary course of business and such payment of the Cure Amounts shall be binding on all parties with respect to any defaults and pecuniary losses under the Assigned Contracts.

24. The Winning Bidder has provided adequate assurance of its future performance under the relevant Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

25. Any objections to the assumption and assignment of any of the Assigned Contracts to the Winning Bidder are hereby overruled. Any objections to the Cure Amounts are resolved as set forth herein. To the extent that any counterparty failed to timely object to its Cure Amount, such counterparty and all other parties are deemed to have consented to such Cure Amount and the assignments of its respective Assigned Contracts to the Winning Bidder.

**Section 363 Sale**

26.     The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Assets free and clear of any interest in such property, except as otherwise provided in the Agreement or this Order and subject to the Assumed Liabilities.

27.     Subject to paragraph 47 of this Order, the Debtor is the sole owner of the Assets being sold pursuant to this Order.

28.     With respect to any and all entities and persons asserting any options, pledges, security interest, liens (including, without limitation, mechanic's liens), claims, equities, reservations, third party rights, replacement liens, superpriority claims, voting trusts or similar arrangements, liens charges or other encumbrances (other than easements or restrictive covenants) or restrictions on or conditions to transfer or assignment of any kind (including, without limitation, restrictions or conditions on the transfer, assignment or renewal of licenses, permits, registrations and authorizations or approvals of or with respect to governmental units or instrumentalities), whether direct or indirect, absolute or contingent, matured or unmatured, liquidated or unliquidated on or against the Assets or the Debtor (collectively, the "Encumbrances"), except as otherwise provided in the Agreement or this Order, and subject to the Assumed Liabilities, either (i) such person or entity has consented to the sale and transfer, license and assignment, as applicable, free and clear of its Encumbrance, with such Encumbrance to attach to the net proceeds of such sale and transfer, license and assignment, as applicable, respectively, (ii) applicable non-bankruptcy law permits sale free and clear of such Encumbrances, (iii) such Encumbrance is in bona fide dispute, (iv) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such

- 9 -

Encumbrance, or (v) Buyer is obligated to obtain governmental or regulatory approval after the Sale.

29.　　The Winning Bidder would not have entered into the Agreement and would not consummate the transaction contemplated thereby if (i) the sale of the Assets to the Winning Bidder, (ii) the assumption, assignment and sale of the Assigned Contracts to the Winning Bidder, and (iii) the assumption of the Assumed Liabilities under the Agreement by the Winning Bidder were not, except as otherwise provided in this Order or the Agreement, subject to the Assumed Liabilities, free and clear of all Encumbrances of any kind or nature whatsoever, or if the Winning Bidder would, or in the future could (except as otherwise provided in the Agreement and subject to the Assumed Liabilities), be liable for any of such Encumbrances or other future liabilities arising out of past conduct of the Debtor or the Debtor's past ownership of the Assets.

30.　　The Wining Bidder is only purchasing the Assets and is not purchasing any assets other than the Assets, to the extent set forth in the Agreement. The Assets do not include the Excluded Assets, as defined in the Agreement. The Excluded Assets shall remain subject to existing Encumbrances, if any.

31.　　In connection with the Agreement, the Winning Bidder is assuming the Assumed Liabilities, as set forth in the Agreement, and is not assuming any obligations other than the Assumed Liabilities and shall have not liability for any liabilities of the Debtor other than the Assumed Liabilities, except as otherwise set forth in the Agreement or this Order.

32.     The Debtor is assuming and assigning to the Winning Bidder the Assigned Contracts in accordance with the terms of the Agreement and is not assuming and assigning any executory contracts or leases other than the Assigned Contracts.

33.     Given all the circumstances of the Debtor's chapter 11 case and the adequacy and fair value of the purchase price under the Agreement, the proposed sale of the Assets to the Winning Bidder constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved. The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances to enter into the Agreement and sell the Assets, and such actions are appropriate exercises of the Debtor's business judgment and are in the best interests of the Debtor, its estate and its creditors.

**Notice**

34.     Notice of the Bid Procedures, Auction and Sale Hearing were reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing and Auction.

35.     As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Auction, Sale Hearing, the Sale and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assigned Contracts to the Winning Bidder, has been provided in accordance with the Devco Bid Procedures Order, 11 U.S.C. §§ 105(a), 363, 365, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008.   The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, Auction,

Sale Hearing, the Sale or the assumption and assignment of the Assigned Contracts to the Winning Bidder is or shall be required.

36.     A reasonable opportunity to object and be heard with respect to the Sale, the Sale Motion, and the relief requested therein (including the assumption and assignment of Assigned Contracts to the Winning Bidder and any cure costs related thereto and the entry of this Order), has been afforded to all interested creditors, persons and entities.

**Miscellaneous**

37.     All findings of fact and conclusions of law announced by the Court at the Sale Hearing are hereby incorporated herein.

38.     Time is of the essence in consummating the Sale. In order to maximize the value of the Assets, it is essential that the Sale occur promptly, and within the time constraints set forth in the Agreement.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6006(h) and 6006(d).

39.     The relief granted herein is in the best interests of the Debtor and its estate and creditors and is necessary and appropriate to assist the Debtor in its efforts to obtain the maximum value for its estate.

40.     The Court having determined that the legal and factual basis set forth in the Sale Motion and at the Sale Hearing establish just and sufficient cause for the relief requested; and due deliberation having been had.

**NOW, THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED THAT:**

41.     The Sale Motion is granted.

42.     All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are, except as provided in other orders of the Court, hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

43.     The Agreement and all other documents attached as exhibits to the Agreement or which are contemplated by the Agreement or this Order are hereby approved in all respects, and, upon Closing, shall be deemed in full force and effect, binding and benefiting the Debtor and the Winning Bidder, notwithstanding the non-fulfillment of the conditions precedent set forth in sections 4.1.1 and 4.4 of the Agreement requiring a sale order to have been entered by July 5, 2011 and to have become a final order by July 20, 2011, and requiring the Closing to have taken place by July 20,2011.

44.     The Debtor and the Debtor's officers and representatives are authorized and empowered to execute and deliver to the Winning Bidder the Agreement and the other agreements contemplated thereby and to implement and consummate all of the terms of the transactions and perform all obligations contemplated by this Order and the Agreement, including, without limitation, to sell the Assets to the Winning Bidder and to assume and assign to the Winning Bidder the Assigned Contracts all on the terms of the Agreement, for the purchase price set forth therein (subject to any adjustments set forth therein), and determined in accordance with the Agreement. The Debtor is authorized and empowered to deliver deeds, bills of sale, assignments and any other such instruments and/or documents that may be necessary or

requested by the Winning Bidder in accordance with the terms of the Agreement to evidence the transfers required or otherwise contemplated by the Agreement.

45.    The Debtor and the Debtor's officers and representatives are hereby authorized to take any and all actions necessary to consummate the Agreement, including any actions that otherwise would require further approvals by members or their board of directors without the need of obtaining such approvals.

46.    Upon the Closing, the Winning Bidder shall take title to and possession of the Assets in accordance with and subject to the Agreement, this Order, and the Assumed Liabilities. Pursuant to Section 363(f) of the Bankruptcy Code and the Agreement, including any amendments thereto, with the exception of the Assumed Liabilities or as otherwise contemplated by the Agreement or as provided in this Order, the transfer of the Assets, title to the Assets and the Assigned Contracts shall be free and clear of any interest and free of all Encumbrances, including options, pledges, security interest, liens (including, without limitation, mechanic's liens), claims, equities, reservations, third party rights, replacement liens, super priority claims, voting trusts or similar arrangements, liens, charges or other encumbrances (other than easements or restrictive covenants) or restrictions on or conditions to transfer or assignment of any kind (including, without limitation, restrictions or conditions on the transfer, assignment or renewal of licenses, permits, registrations and authorizations or approvals of or with respect to governmental units or instrumentalities), whether direct or indirect, absolute or contingent, matured or unmatured, liquidated or unliquidated on or against the Assets or the Debtor.    The Winning Bidder shall not be required to seek or obtain relief from the automatic stay under 11 U.S.C. § 362 to enforce any of their remedies under the Agreement or any other Sale-related document.

The automatic stay imposed by 11 U.S.C. § 362 is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order.

47.    Notwithstanding anything to the contrary in this Order, Colorado Springs may obtain reformation of the legal description of the Property contained in the Agreement where the legal description does not accurately reflect transfers or dedications to Colorado Springs.  In addition, any transfer of water rights to the Winning Bidder pursuant to the Agreement and the special warranty deed attached as Exhibit G to the Agreement is subject to all rights of Colorado Springs with respect to such water rights, including the City's claims that such water rights have previously been transferred to the City.

48.    Notwithstanding anything to the contrary contained in this Order or the Agreement, or any other order entered in Devco's bankruptcy case, pursuant to Winning Bidder's agreement memorialized in this Paragraph, the Winning Bidder shall be bound by all of the obligations that Devco owes to Colorado Springs, interests of Colorado Springs, or rights of Colorado Springs (collectively, the "Obligations, Rights and Interests"), that:  (a) run with or bind the Real Property; (b) arise pursuant to legislative acts regarding development of the Real Property; or (c) arise pursuant to zoning and similar laws, rules, regulations, tariffs, or building codes regulating development of the Real Property; and so long as the Obligations, Rights, and Interests are enforceable under applicable non-bankruptcy law.  For sake of clarity, (a) the sale of Devco's assets shall not be free and clear of the Obligations, Rights, and Interests as described herein, and (b) any determination whether the Obligations, Rights and Interests described above are enforceable under applicable non-bankruptcy law shall be determined by a Colorado court of competent jurisdiction.

49.     Notwithstanding anything to the contrary in the Agreement, the Winning Bidder agrees to, and hereby shall, share with Debtor's post-petition lenders (the "DIP Lenders") distributions from proceeds recovered from Avoidance Actions (as defined in the Agreement), if any, such that the DIP Lenders shall receive distributions equal to twenty percent (20%) of net proceeds and Winning Bidder shall receive eighty percent (80%).   In exchange for Winning Bidder's agreement to make distributions from Avoidance Action net proceeds to the DIP Lenders as described in the immediately preceding sentence, the DIP Lenders agree, and hereby do, waive any and all claims they may have, on their own behalf and on behalf of the Debtor's estate (which authority they can exercise pursuant to the terms of the post-petition financing agreement and the order approving same) against Winning Bidder, KeyBank National Association, as Agent or the Revolving Lenders pursuant to section 506(c) of the Bankruptcy Code.  Notwithstanding anything to the contrary in the Agreement, including section 2.2.10 of the Agreement, this Order authorizes the Winning Bidder to continue pursuing and prosecuting the Avoidance Actions already commenced as of the Closing Date, but nothing in this Order or the Agreement is a commitment by, or requires the Winning Bidder to pursue or prosecute any such Avoidance Actions.

50.     Notwithstanding anything to the contrary in the Agreement, upon the Closing, the Winning Bidder shall be entitled (but not obligated) to investigate, pursue or prosecute such other Avoidance Actions not yet commenced by the Debtor as of the Closing.

51.     Except as otherwise set forth in the Agreement and this Order, the Winning Bidder is not expressly or impliedly agreeing to assume any of the Debtor's liabilities, the transactions contemplated by the Agreement do not amount to a consolidation, merger or a *de*

*facto* merger of the Debtor and the Winning Bidder, the Winning Bidder is not a mere continuation of the Debtor nor does the Wining Bidder constitute a successor to the Debtor, and the transactions contemplated by the Agreement are not being entered into fraudulently or in order to escape liability from the Debtor's debts

52.     This Order shall be binding in all respects upon the Debtor, the estate, all creditors of the Debtor, all holders of equity interest in the Debtor, any holders of Encumbrances on the Assets (whether known or unknown), all owners of easements, restrictive covenants, leases, all non-Debtor parties to the Assigned Contracts, all successors and assigns of the Winning Bidder, the Assets and any trustees subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code. This Order and the Agreement shall inure to the benefit of the Debtor, its estate, its creditors, the Winning Bidder and their respective successions and assigns.

53.     Except for the Assumed Liabilities or as otherwise provided for in this Order or the Agreement, the Winning Bidder shall not have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, the Winning Bidder shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, whether relating to or arising out of the Assets, Excluded Assets or otherwise, other than the Assumed Liabilities.

54.     Subject to, and at the time of, the Closing, the Debtor is authorized to assume and assign each Assigned Contract to the Winning Bidder free and clear of all Encumbrances, except as otherwise provided for in the Agreement or this Order and subject to the Assumed Liabilities. The payment of Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default, and (c) together with the assumption of the Assigned Contracts by the Winning Bidder, constitute adequate assurance of future performance thereof. The Winning Bidder shall then have assumed the Assigned Contracts and, pursuant to section 365(f) and 365(k) of the Bankruptcy Code, the assignment by the Debtor of such Assigned Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtor nor the Winning Bidder shall have any further liabilities to the non-Debtor parties to the Assigned Contracts other than the Winning Bidder's obligations under the Assigned Contracts that become due and payable on or after the Closing Date, or otherwise pursuant to the Assumed Liabilities, except as otherwise provided in the Agreement and subject to the Assumed Liabilities.

55.     If the Debtor assumes and assigns any Assigned Contract where the counterparty is Colorado Springs, the Winning Bidder shall be responsible to pay as they come due all amounts that are contingent and not payable until the future.

56.     The assumption and assignment of an Assigned Contract where Colorado Springs is the counterparty is not a finding binding on Colorado Springs that such agreement is an executory contract subject to assumption or rejection pursuant to Section 365 of the Bankruptcy Code.

57.     If the Debtor seeks to reject any agreement to which Colorado Springs is the counterparty, such relief shall be sought by filing an adversary proceeding in this Court. Subsequent to its filing of such adversary proceeding, if any, the venue of the adversary proceeding will be transferred to the United States Bankruptcy Court for the District of Colorado.

58.     Any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Winning Bidder of the Assigned Contracts have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Winning Bidder shall be fully and irrevocably vested with all rights, title and interest of Debtor under the applicable Assigned Contracts.

59.     The failure of the Debtor or the Winning Bidder to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Debtor's or Winning Bidder's rights to enforce every term and condition of the Assigned Contracts.

60.     Upon the Closing and the payment of the relevant Cure Amounts by the Winning Bidder or the Debtor, the Winning Bidder shall be deemed to be substituted for the Debtor as a

party to the applicable Assigned Contracts and the Debtor shall be relieved from all liability on such Assigned Contracts as set forth in the Agreement.

61.     Upon the Closing and the payment of the relevant Cure Amounts by the Winning Bidder or the Debtor, the Winning Bidder shall be deemed to be substituted for the Debtor and, to the greatest extent available under applicable law, shall be authorized to operate under any license, permit, registration, governmental authorization or approval of the Debtor with respect to the Assets and such licenses, permits, registrations, governmental authorizations or approvals are hereby directed to be transferred to the Winning Bidder.

62.     The Winning Bidder has provided adequate assurance of its future performance under the relevant Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2) of the Bankruptcy Code.

63.     There shall be no rent acceleration, assignment fees, increases or any other fees charged to the Winning Bidder as a result of the assumption and assignment of the Assigned Contracts.

64.     Except as otherwise provided in this Order, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all parties to the Assigned Contracts are forever barred and enjoined from raising or asserting against the Winning Bidder any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assigned Contracts existing as of the Closing or arising by reason of the Closing, except for any amounts that are Assumed Liabilities being assumed by the Winning Bidder under the Agreement.

65.    The Winning Bidder is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

66.    The Winning Bidder has given substantial consideration under the Agreement for the benefit of the Debtor, its estate and creditors.  The consideration given by the Winning Bidder shall constitute valid and valuable consideration for the releases of any potential claims and liens pursuant to this Order, which releases shall be deemed to have been given in favor of the Winning Bidder by all holders of liens against or interest in, or claims against the Assets, other than holders of liens or claims relating to the Assumed Liabilities.  The consideration provided by the Winning Bidder for the Assets under the Agreement is fair and reasonable and accordingly the purchase may not be avoided under 11 U.S.C. § 363(n).

67.    Pursuant to Rules 7062, 9014, 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately upon entry and the Debtor  is hereby authorized and directed to effect the Closing of the Sale immediately upon entry of the Sale Order at Winning Bidder's request.  The provisions of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, shall not apply to stay consummation of the Sale of the Assets to the Winning Bidder under the Agreement or the effectiveness of this Order, as contemplated by the Sale Motion and approved by this Sale Order, the Debtor and the Winning Bidder are authorized to consummate the Sale and other transactions contemplated and approved herein immediately upon entry of the Sale Order.

68.    This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies,

recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing and an all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

69.     This Order constitutes authorization under all applicable jurisdictions' versions of the Uniform Commercial Code for the Winning Bidder to file UCC termination statements with respect to all security interest in or liens on the Assets.

70.     The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

71.     Except as provided in paragraph 48 of this Order, the Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Order and the Agreement, all modifications thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Winning Bidder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

72.     To the extent that any provisions of this Order shall be inconsistent with the provisions of the Agreement or any related instrument or document, any prior order, or any pleading with respect to the motions in this case, the terms of this Order shall control.

73.     Nothing contained in this Order, the Agreement, or any other order entered in this bankruptcy case shall in any way extinguish, negate, impact, or otherwise affect the authority of any municipal or governmental body to exercise to the full extent of applicable law its police power and regulatory land use authority in connection with the real property being sold pursuant to the Agreement.

74.     Entry of this Order is without prejudice to the rights, claims and defenses of Ultra Resources, Inc. ("Ultra"), Colorado Springs, The Banning Lewis Ranch Company, LLC ("BLR"), Devco or Winning Bidder in connection with the issues and disputes arising from Ultra's acquisition of BLR's assets, including any adversary proceeding commenced in connection therewith (the "Adversary Proceeding"). As among Ultra, Colorado Springs, BLR, Devco and the Winning Bidder nothing in this Order is intended to, or shall, adjudicate any matter reserved for later determination in the Adversary Proceeding, provided, however, that as between Winning Bidder and Colorado Springs, the provisions of this Order shall control.

75.     Eastdil's fee shall be paid by Winning Bidder in accordance with the terms of the agreement attached hereto as Exhibit "A". *Eastdil's fee is hereby allowed on a final basis.*

Dated: __Aug 24, 2011__
            Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

- 23 -